**HUNTINGTON NATIONAL BANK, Trustee, Plaintiff, v. ALADDIN CRIPPLED CHILDREN'S HOSPITAL ASSOCIATION, INC. et, Defendants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5831. Decided March 17, 1959.

Roger F. Day, for plaintiff.
John H. Summers, for defendant, Aladdin Crippled Children's Hospital Assoc., Inc.

528

Benjamin L. Clark, for defendants, Chester H. Cook and Dorothy D. King.

Mark McElroy, Atty. Genl., for defendant, state of Ohio.

(HURD, PJ, SKEEL, J, of the Eighth District, sitting by designation in the Tenth District.)

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law and fact from a decree entered by the Court of Common Pleas of Franklin County after trial of the issues on the merits. The case is one praying for a declaratory judgment by the plaintiff as trustee, seeking construction of a testamentary trust established by the last will of Chester C. Cook, now deceased. Such trust instrument appointed the plaintiff trustee of the assets of the estate to be administered for the benefit of decedent's son, Chester H. Cook, and a foster daughter, Dorothy D. King, each to share equally in the benefits.

The case was presented to this court on stipulations of fact filed with the papers in the case, which included a transcript of the proceedings in the Court of Common Pleas of Franklin County. The trustee, following out the provisions of the trust agreement, divided the assets therein equally between the beneficiaries, the total assets being $84,792.09.

Since the death of Chester C. Cook on September 6, 1951, his son, Chester H. Cook, has become totally incapacitated and was compelled to leave his employment in 1953 and is now residing in Florida. His total disability is clearly established by the evidence. His income from pensions, insurance funds and this trust totals a little more than four hundred dollars per month which he finds inadequate for his support and that of his family in the station in life to which he has become accustomed.

The trustee thereupon applied the income from his share of the trust fund and some part of the principal to provide what it determined to be necessary for his adequate support.

The defendant, Aladdin Crippled Children's Hospital Association, Inc., as the residuary beneficiary of the trust, questioned the trustee's right to make such determination and that circumstances existed to justify the use of principal for the support of Chester H. Cook.

The provisions of the will creating the trust and the powers of the trustee, provided for in Item IV, bequeathed and devised the estate in trust, directed the trustee to divide the fund into two equal parts, one part for the benefit of his son, Chester H. Cook and one part for the benefit of Dorothy King, a foster daughter.

The will then provided in Item IV, in part, as follows:

"H. From the net income of that part of the trust fund held for

the benefit of my son, Chester H. Cook, there shall be paid to him by the trustee during his lifetime such amounts in monthly installments as will, when added to the income from certain policies of insurance on my life, the proceeds of which are payable directly to Chester H. Cook, provide a total monthly income of Two Hundred Dollars ($200.00).
"* * *

"J. In the event of illness or incapacity of either Chester H. Cook or Dorothy D. King, I hereby authorize my trustee in its uncontrolled discretion to consume so much of the income or principal of that part of the trust estate held for the benefit of Chester H. Cook or Dorothy D. King as may be necessary to pay any expenses resulting from such illness or incapacity.

"K. Upon the death of Chester H. Cook or Dorothy D. King and in addition to the authority conferred on my trustee by paragraph (J) above, I hereby authorize my trustee in its uncontrolled discretion to consume so much of the income or principal of that part of the trust estate held for the benefit of such deceased person as may be necessary to pay any expenses resulting from the illness or incapacity of the survivor.

"L. Upon the decease of my son, Chester H. Cook, and Dorothy D. King, the trust shall terminate and the principal of the trust then remaining and any accumulated income shall be paid over to the Aladdin Crippled Children's Hospital Association, Inc., Columbus, Ohio, absolutely and in fee simple."

Until his unfortunate illness in 1952 from the results of which he became totally incapacitated, Chester H. Cook was accustomed to a substantial income as President of the Sunday Creek Coal Company, having succeeded his father in that office. From the record, he used almost all his income in the support of himself and family. The will indicates that the testator did not want his son to benefit to any great extent from his estate unless illness or incapacity required it. The decision as to when, if in fact illness or incapacity should befall Chester H. Cook, and if so, how much was to be used beyond that directed to be paid monthly in any event, was left entirely to the judgment of the trustee.

We agree with the holding of the Court of Common Pleas that the testator intended his son to have the right to receive all of the income and portions of the principal, when necessary, in the judgment of the trustee, to sustain him and his family in a reasonable fashion in the event illness or incapacity should befall him. The judge of the circumstances which would put this power into effect, and the amount necessary to pay any expense resulting from illness or incapacity, were the trustee's in the exercise of its sound discretion.

We, therefore, order a decree as entered in the Court of Common Pleas for the reasons generally stated by that court in its opinion filed in the case.

HURD, PJ, SKEEL and DUFFY, JJ, concur.